IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:21-CR-147-KAC-JEM |
| BRANDON MICHAEL BOWMAN, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate.

This case is before the Court on Defendant's Motion to Continue [Doc. 16], filed on March 28, 2022. Defendant asks the Court to continue the May 23, 2022, trial date and all deadlines because Defendant has requested additional supplemental discovery from the Government that will need to be reviewed and may result in the filing of a motion to suppress. In addition, Defendant states the parties have engaged in negotiations towards a potential resolution of this case, and Defendant believes additional negotiations would greatly increase the likelihood of resolving this case without proceeding to trial. The motion indicates Defendant's counsel has reached out to Government's counsel to see whether the Government opposes the motion but had not received a response as of the time of the motion being filed. The parties have conferred with Chambers, and it appears the Government does not oppose the requested continuance, as the parties have agreed on a new trial date of October 25, 2022.

The Court finds Defendant's Motion to Continue [Doc. 16] is unopposed by the Government and well taken. The Court also finds that the ends of justice served by granting a

continuance outweigh the interest of Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense counsel needs more time to receive and review discovery, consider and prepare additional pretrial motions, and engage in further discussions with the Government to potentially reach a resolution of this matter without proceeding to trial. If those discussions prove unfruitful, Defendant will need additional time to prepare this case for trial. Thus, the Court concludes that without a continuance, Defendant would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant's Motion to Continue [**Doc. 16**] is **GRANTED**. The trial of this case is reset to **October 25, 2022**. The Court finds all the time between the filing of the motion on March 28, 2022, and the new trial date of October 25, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. §§ 3161(h)(1)(D) & (h)(7)(A)–(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue [Doc. 16] is **GRANTED**;

(2) The trial of this matter is reset to commence on **October 25, 2022**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **March 28, 2022**, and the new trial date of **October 25, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **May 16, 2022**, and responses will be due **May 30, 2022**. **Any necessary hearing on pretrial motions** will be set at a later date;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **September 26, 2022**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **October 3, 2022, at 10:30 a.m.**;

(7) The deadline for filing motions *in limine* is **October 10, 2022**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **October 14, 2022.**

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge